UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DASUL ANDREWS,

              Plaintiff,

       -against-

EXPERIAN INFORMATION SOLUTIONS, INC,
and TRANS UNION, LLC

             Defendants
-------------------------------------------------------------------x

7:24-cv-07158

COMPLAINT

Plaintiff, DASUL ANDREWS ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law, brings this action against EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION, LLC ("Trans Union and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for violating the FCRA, 15 U.S.C. § 1681e(b), by failing to use procedures to ensure maximum possibly accuracy in the creation of Plaintiff's credit reports and for violated 15 U.S.C. § 1681i by failing to properly investigate Plaintiff's disputes. Specifically, Defendants "re-aged" late payment information on Plaintiff's reports to make late payment from five years ago appear as if they had occurred in the last 24 months.

2. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*

1

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

4. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

5. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a natural person, was at all relevant times a resident of the State of New York, and Orange County, and qualifies as an individual "consumer" within the meaning of the FCRA. See 15 U.S.C. § 1681a(c).

7. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

8. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

## FACTUAL BACKGROUND

9. In February 2019 Plaintiff experienced a financial hardship that caused him to incur five late payments on an auto loan with Chase Bank.

10. Since that time Plaintiff has made all payments on that and all other accounts in a timely manner.

11. Plaintiff's credit score from Defendants had accordingly risen steadily over that time period.

12. However, several months ago Defendants had an error occur in their systems whereby they began to treat the late payments from five years ago as occurring within the last 24 months.

13. Defendants' mobile apps showed the account with five late payments in the last 24 months, but the reports actually disclosed to Plaintiff showed that all of the late payments on that account occurred in 2019.

14. This "re-aging" of the late payment data caused Plaintiff's credit scores to plummet. Plaintiff's Experian score dropped 78 points from a 763 to a 685. Plaintiff's Experian score dropped 74 points, form a 744 to a 670 between June and August 2024. There was no new or additional derogatory information placed on Plaintiff's credit reports in that time period and thus no other explanation for the dramatic drop in Plaintiff's credit scores other than the re-aging of the late Chase auto loan payments from 2019.

15. Plaintiff sent written disputes of this account to Defendants, however Defendants refused to properly investigate Plaintiff's dispute and failed to make the necessary corrections to Plaintiff's information.

16. Plaintiff has suffered harm as a result of Defendants' conduct here. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports damaged Plaintiff's reputation and attempts to obtain credit, resulting in several rejected credit applications.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FCRA

17. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

18. Defendants willfully, (or in the alternative negligently) violated 15 USC § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff.

19. Defendant willfully, (or in the alternative negligently) violated 15 USC § 1681g by failing to provide Plaintiff with accurate copies of his credit reports.

20. Defendant willfully, (or in the alternative negligently) violated 15 USC § 1681i by failing to properly investigate Plaintiff's dispute with Defendants.

21. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## SECOND CAUSE OF ACTION
VIOLATION OF THE NY FCRA

22. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

23. Defendants Experian and Trans Union each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

24. Such reports erroneously included false and derogatory payment information associated with the subject Chase auto loan account. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

25. Defendants Experian and Trans Union willfully (or, in the alternative, negligently) violated

N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Citibank accounts.

26. Defendants each published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and derogatory payment information, causing the Plaintiff to suffer economic harm via being denied credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

27. Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

28. Plaintiff is thus further entitled to an injunction requiring the Defendants to correct the errors on Plaintiff's file and credit reports, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: September 20, 2024

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*